CARL CLOYD v. STATE.

No. A-1005.    Opinion Filed January 16, 1912.

(119 Pac. 1125.)

1.  APPEAL AND ERROR—Record—Notice of Appeal—Dismissal.
    An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right, from any judgment against him, but the manner of taking and perfecting such appeal is a proper matter for legislative control, and the appeal must be taken in the manner prescribed by the law; and, where the record before this court fails to show notices of appeal and proof of service as required by law, the case will be dismissed.

2.  APPEAL AND ERROR—Notice. Under the law now in force, notice of appeal in felony cases must be served within six months from date of sentence; and this must affirmatively appear before jurisdiction will be acquired on appeal.

(Syllabus by the Court.)

*Appeal from District Court, McIntosh County; Preslie B. Cole, Judge.*

Carl Cloyd was convicted of manslaughter in the first degree, and appeals. Dismissed.

*C. H. Tully,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   On the 23d day of September, 1910, appellant was convicted by a jury in the district court of McIntosh county for the offense of manslaughter in the first degree, and his punishment was assessed at 39 years' confinement in the state penitentiary at hard labor.   On the 28th day of September following, appellant was duly sentenced by the court in accordance with said verdict.   From this sentence, appellant prosecuted an appeal to this court.   This appeal was filed on January 26, 1911.   On October 24, 1911, the Attorney General filed a motion to dismiss this appeal, because notices of appeal were not served, as the law requires, upon the county attorney and the clerk of the district court of McIntosh county.

Sections 6948 and 6949 of Snyder's Comp. Laws Okla. are as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered; Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed.

"An appeal is taken by the service of a motion upon the clerk of the court where the judgment was rendered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

In the case of *Boneparte v. United States,* 3 Okla. Cr. 345, 106 Pac. 347, Judge Doyle, speaking for this court, said:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right, from any judgment against him, but the manner of taking and perfecting such appeal is a proper matter of legislative control, and the appeal must be taken in the manner prescribed by the law; and, where the record before this court fails to show notices of appeal and proof of service as required by law, the case will be dismissed."

We find that the motion filed by the Attorney General is well taken, and as the record does not show that notices of appeal were served as required by law, we have never acquired jurisdiction of the cause, and the appeal is therefore dismissed, with directions to the district court of McIntosh county to proceed with the execution of its judgment.

ARMSTRONG and DOYLE, JJ., concur.