## P. L. LYONS v. STATE.

No A-1318.   Opinion Filed January 21, 1912.

(120 Pac. 665.)

1. **APPEAL AND ERROR—Case-Made—Extension of Time.** If for any reason, counsel for appellant are unable to obtain a case-made within the time required by law, then they should prepare and file in this court a transcript of the record, and thereby perfect the appeal and give this court jurisdiction; and, upon a proper showing, before the time for perfecting the case-made has expired, this court has the power to grant such extension of time as may be necessary for perfecting the case-made, and a case-made so perfected will be just as valid and binding as though it had been prepared, served, certified to, and signed by the judge who tried the cause within the time fixed by his order.

2. **APPEAL AND ERROR—Procedure—Constitutional Right.** While it is true that an appeal in a criminal case is a constitutional right, yet the manner of taking this appeal is subject to legislative regulation; and the rules prescribed by the Legislature for taking an appeal are jurisdictional, and must be complied with.

3. **SAME—Preparation of Case-Made.** Where the time for preparing a case-made fixed by the trial court has expired, no court has power to extend such time.

4. **CRIMINAL LAW—Presumptions—Illegality of Conviction.** Before a defendant is tried and convicted, the law presumes him to be innocent, but after he has been tried and convicted in a court of record this presumption of innocence is wiped out, and, on the contrary, the presumption is that he is guilty, and has been fairly tried and legally convicted; and the burden is on him to show that his conviction was illegal.

5. **APPEAL—Diligence of Attorneys.** Attorneys must understand that it is an exceedingly serious matter to have a client convicted of an offense in Oklahoma, and before they can expect this court to hold a conviction illegal they must exercise due diligence in perfecting their appeals to this court; and that no case will be reversed upon the ground that a defendant has been deprived of his right of appeal, unless the record affirmatively shows that the utmost diligence has been exercised on the part of his counsel, and that the failure to perfect his appeal does not result from fault or want of care on their part.

6. **SAME—Reversal.** Attorneys should not be allowed to secure the reversal of a conviction upon any ground which they could have avoided by the exercise of reasonable diligence on their part. To permit this would be to pay more attention to the flyspecks of the law than to the principles of the law.

7. **CRIMINAL LAW—Punishment—Purpose.** Hatred and revenge

enter largely. into punishment among barbarians and savages, but among civilized people criminals are punished, first, to reform the offender; second, to set an example which will deter others from committing similar offenses, and thereby protect society.

(Syllabus by the Court.)

*Appeal from Okmulgee County Court; George A. Johns, Judge.*

P. L. Lyons was convicted of violating the prohibitory law, and appeals. Affirmed.

*Frank F. Lamb,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State. ·

FURMAN, P. J. On the 24th day of April, 1911, sentence was pronounced against appellant. Repeated extensions of time to prepare and serve a case-made and to perfect his appeal to this court were granted by the trial court. . The record was filed in this court on the 18th day of August, 1911. What purports to be the case-made is not certified to and signed by the trial judge, as the law requires.

Counsel attempt to excuse the failure to present this case-made to the county judge for approval, upon the ground that the county judge was absent from the county, and therefore the case-made could not be presented to him for approval within the time required by law, and assert that there was no one within the county or state with power to extend the time within which the case-made might be settled and signed. Counsel insist that upon the authority of *Tegeler v. State,* 3 Okla. Cr. 595, 107 Pac. 949, 139 Am. St. Rep. 976, appellant is entitled to a reversal of this judgment, upon the ground that, without fault or carelessness on the part of appellant or his counsel, he has been deprived of the right of having the evidence in his case reviewed upon appeal. There is no analogy between Tegeler's case and the case at bar. In Tegeler's case, the trial judge died, after overruling a motion for a new trial, and before the case-made could have been presented to him for approval. No diligence on the part of his attorney, under these conditions, could have secured the approval of the case-made. He was deprived of the right of having the evi-

dence reviewed upon appeal through no fault of his or his attorney, but solely by an act of God. In the case at bar, counsel for appellant, after filing the transcript of the record in this court in proper time, which was done, which thereby gave this court jurisdiction of the cause, should have gone further and applied to this court for an order extending the time which had not then expired, within which the case-made might have been perfected. Under these conditions, upon a proper showing, this court would have had power and authority to extend the time originally granted by the trial court for settling the case-made, and the case-made when so settled would have been just as valid and binding as though this had been done within the time originally granted by the trial court. See *Farmer v. State,* 5 Okla. Cr. 151, 114 Pac. 753. This authority is based upon section 6077 of Snyder's Comp. Laws of Okla. 1909, which was enacted for the purpose of just such emergencies as this, and other matters which might be omitted from a case-made or transcript of the record through inadvertence. We have been exceedingly liberal in extending time under this statute and permitting the correction of errors, and have never refused a single such request which had the least show of reason and justice about it. Where the time for securing a case-made or transcript of the record has expired, no court has the power to grant an extension of time for any purpose. In other words, no court has the power to restore to life that which is dead.

While it is true that a defendant has a constitutional right to appeal, yet it is also true that the manner of taking this appeal is a proper subject of legislative regulation; and, where the rules prescribed by the Legislature have not been complied with this court does not acquire jurisdiction of the appeal. The Constitution gives the right to each defendant to have compulsory process for witnesses in his behalf, and if a defendant, in proper time and manner, seeks to secure this compulsory process, and it appears that the testimony of such witnesses is material, and the court deprives a defendant of his right, a new trial will be granted; but if a defendant waits until his case is called for trial, and has ex-

ercised no diligence to secure process for such witnesses, he will be held to have waived this constitutional right, and it will avail him nothing on appeal. So, in matters of this kind, a defendant has the right, by perfecting his appeal to this court, by a proper showing, and before the expiration of the time for preparing his case-made, to secure from this court an order extending the time within which such case-made may be prepared. But if attorneys allow the time provided by law for perfecting a case-made to expire, without placing themselves in a position where this court can extend such time, they cannot be heard to say that their clients have been deprived of their constitutional rights through no fault or carelessness on their part. To hold otherwise would be to allow attorneys to remain idle and take advantage of matters which they could have avoided by the exercise of diligence on their part. It would be to attach more importance to the flyspecks of the law than to the principles of the law. Law is not enacted for the purpose of protecting criminals, but its purpose is to protect the innocent. Hatred and revenge enter largely into punishment among barbarians and savages; but among civilized people punishment is only inflicted for the purpose of protecting society, and not for revenge. In other words, the law never seeks a victim, but only seeks to reform the offender and set an example which will deter others from committing similar offenses, and by both of these means it seeks to protect society.

Before a defendant is tried and convicted, the law presumes that he is innocent, but after he is tried and convicted in a court of record the presumption of innocence is wiped out, and, on the contrary, the law presumes he is guilty, and has been fairly tried and legally convicted; and the burden is upon him to exercise due diligence to show that he has been convicted illegally. Otherwise the conviction should stand.

Lawyers of Oklahoma must learn that, before they can expect this court to hold that a conviction is illegal, they must exercise due diligence, and present the appeals properly to this court; and no case will be reversed upon the ground that the defendant has been deprived of a right of appeal, unless it ap-

pears that the utmost diligence was exercised on the part of his counsel, and that he has been deprived of his right of appeal wholly without fault on their part. For these reasons, the case-made will be stricken from the record, and cannot be considered for any purpose whatever.

The transcript of the record fails to show the commission of any error in the trial court. In fact, counsel for appellant in the brief filed does not contend that error was committed upon the trial of this cause, but relies solely upon the failure to obtain a case-made. The judgment of the lower court is therefore affirmed.

ARMSTRONG and DOYLE, JJ., concur.