CHARLIE THOMPSON v. STATE.

No. A-1457.     Opinion Filed June 1, 1912.

(123 Pac. 857.)

APPEAL—Notice. A notice of appeal must be served after the rendition of the judgment in a cause and before the expiration of the time allowed by law. A notice of appeal served prior to the rendition of the judgment is a nullity, and will not confer jurisdiction upon this court to consider such appeal.

(Syllabus by the Court.)

*Appeal from Okfuskee County Court;*
*W. A. Huser, Judge.*

Charlie Thompson was convicted of violation of the prohibitory law, and appeals. Dismissed.

*W. T. Banks,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J. On the 6th day of September, 1911, in the county court of Okfuskee county, appellant was found guilty of violating the prohibitory liquor law. On the 9th day of September, appellant filed a motion for a new trial, and served notice of appeal in this case upon the county attorney, and also upon the clerk of the county court of Okfuskee county. On the 10th day of September, appellant's motion for a new trial was overruled, and judgment was rendered against him.

At the time of the service of this notice, there was nothing from which an appeal could be taken. The record fails to show that any notice of appeal was served after the rendition of the judgment and within the time prescribed by law. A notice of appeal served before the rendition of the judgment is a nullity, and cannot confer jurisdiction upon this court to consider such appeal.

The appeal in this case is therefore dismissed.

ARMSTRONG and DOYLE, JJ., concur.