## GEO. CLARADAY v. STATE.

No. A-1495.    Opinion Filed June 7, 1913.

(132 Pac. 691.)

1. APPEAL—Costs—Dismissal. (a) When an appeal is taken to this court, the person appealing is required to pay the costs incurred thereby, and a failure to do so amounts to an abandonment of the appeal, and the same will be dismissed on proper motion.

(b) A poor person, one who is without means with which to pay costs, and who is unable to procure the means from friends or relatives, by filing a proper affidavit and making a satisfactory showing is permitted to appeal without the payment of costs.

2. SAME—Right of Appeal—Statutory Regulation—Costs. The right to appeal is subject to reasonable statutory regulations. Such right

does not contemplate an appeal for delay or at the expense of the people,. except in the case of paupers.

3. **SAME—Costs.** It is the duty of persons appealing criminal cases to this court to see that proper arrangements are made for the payment of costs. It is not the duty of the court or clerk to be constantly advising them in this connection.

(Syllabus by the Court.)

*Appeal from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

*Pruiett & Sniggs,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., and *H. A. King,* Sp. Asst. Atty. Gen., for the State.

ARMSTRONG, P. J. The plaintiff in error, George W. Claraday, was convicted at the September, 1911, term of the county court of Oklahoma county on the charge of violating the prohibitory law, and his punishment fixed at a fine of $250 and imprisonment in the county jail for a period of 90 days. The appeal was filed in this court on the 24th day of January, 1912. The Attorney General in open court moved the dismissal of this appeal for the reason that the plaintiff in error had not paid the costs accrued on appeal. Counsel for the plaintiff in error in open court stated that they had been notified to pay the costs and had called upon their client to put up the money; that he had not done so, and in fact had made no response to the request.

This is one of a number of cases of this kind that have been called to the attention of the court; and, while we have never at any time felt inclined to in any way deny a poor person, who has made the proper showing, the right to an appeal without the payment of costs, we find no warrant of law for permitting appeals without costs in the absence of any showing. A person who is in fact a pauper and who has no means with which to pay costs, and is unable to procure such means, and has no relatives or friends willing or able to pay the same, may be entitled to all the benefits of an

appeal without such payment being made upon proper showing. But in the absence of any such showing, upon the failure of a person appealing to pay the costs in advance when the appeal is filed, or to pay the amount when notified, such appeal will not be considered by this court. When such a condition is disclosed by the record, it is evident the appeal is taken for delay only and has been abandoned, and upon motion of the Attorney General we are of opinion that such appeal should be promptly dismissed.

It is true that an appeal is a constitutional right, but the constitutional guaranty in this connection does not mean that appeals may be had, costs incurred, and delays entailed at the expense of the people, except, as stated, *supra* (i. e., when an appellant is in fact wholly without means, resources, relatives, or friends upon whom he can rely for the payment of the costs). The constitutional right to appeal is subject to reasonable statutory regulations, and is only infringed when the statutory conditions imposed are such as to amount to a denial of justice.

The appeal in this case in our judgment should be dismissed, and it is so ordered. The trial court is directed to enforce the judgment and sentence by it imposed.

DOYLE and FURMAN, JJ., concur.