## JAMES JOHNSON v. STATE.

No. A-1860.   Opinion Filed November 15, 1913.

(135 Pac. 1154.)

1. **APPEAL—Procedure.**  An. appeal from a judgment of conviction in a criminal case is a matter of right; but the Legislature may prescribe the manner in which this right must be exercised.

2. **SAME—Conviction of Felony—Notice of Appeal.**  A notice of appeal must be served after the rendition of the judgment in a criminal case, and before the expiration of the time allowed by law.  If served before the rendition of the 'judgment, it is a nullity, and such attempted appeal will be dismissed for want of jurisdiction.

*Appeal from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

James Johnson was convicted of manslaughter, and appeals. Dismissed.

*J. Coody Johnson,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J.   Appellant being on trial in the district court of Seminole county charged with the offense of murder on the 24th day of April, 1912, the jury returned a verdict finding appellant guilty of manslaughter in the first degree. On the same day the following notice of appeal was served upon the clerk of the district court of the said county:

"NOTICE.

"To R. H. Chase, Clerk of the District Court, Seminole County, Oklahoma.

"Notice is hereby given that the defendant will appeal from the judgment rendered in the above-entitled cause on the 24th day of April, 1912.. Of this appeal you will take due notice and govern yourself accordingly.   J. Coody Johnson, C. E. Corbett, and E. L. Harris, Attorneys for Defendant.

"State of Oklahoma, Seminole County—ss.:

"I, R. H. Chase, district clerk in and for Seminole county, state of Oklahoma, hereby accept service of the above and fore-

going notice of appeal this the 24th day of April, 1912. R. H. Chase, District Clerk."

The motion for new trial was not overruled and the judgment was not rendered until the 10th day of May, 1912. The record fails to show that any notice of appeal was served upon the clerk of the district court subsequent to the rendition of the judgment. It is true that an appeal in a criminal case from a judgment rendered against the defendant is a matter of right; but it has always been held that the manner of taking an appeal may be prescribed by the Legislature, and that when so prescribed it becomes jurisdictional.

Section 5991, Rev. Laws 1910, is as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal must be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony, and misdemeanor cases must be filed as hereinafter directed."

Section 5992, Rev. Laws 1910, is as follows:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

From this it is seen that an appeal in a felony case cannot be taken until after the judgment is rendered by the court, and that the appeal must then be taken within six months from the rendition of such judgment, and that an appeal is taken within this time by service of the notices prescribed by statute. At the time this appeal was attempted to be taken the judgment of the court had not been rendered. There is no such thing as an appeal from the verdict of the jury. A notice of appeal served prior to the rendition of a judgment is a nullity, and will not confer jurisdiction on this court to consider such an appeal. See *Thompson v. State*, 7 Okla. Cr. 384, 123 Pac. 853.

As this appeal has not been taken in the manner provided by law, we cannot do otherwise than dismiss the appeal, with directions to the lower court to proceed with the enforcement of its judgment. Mandate will issue without delay.

ARMSTRONG, P. J., and DOYLE, J., concur.