## WM. JEFFRIES v. STATE.

No. A-2183.   Opinion Filed April 25, 1914.

(139 Pac. 1153.)

1. APPEAL—Notice of Appeal—Time of Service. In order to confer jurisdiction upon this court to determine any question on the merits raised by a record on appeal, it is necessary for notices of appeal to be served subsequent to rendition of judgment by the trial court, and not prior thereto.

2. SAME—Dismissal. An appeal taken to this court, based upon the service of notices of appeal, when such service was had prior to the rendition of judgment, confers no jurisdiction on this court over the cause, and we can only dismiss the same, and direct the enforcement of the judgment of the trial court.

*Appeal from District Court, Greer County;*
*G. A. Brown, Judge.*

William Jeffries was convicted of assault with intent to kill, and appeals.   Dismissed.

*E. M. Stewart,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   Plaintiff in error, William Jeffries, was convicted at the July, 1913, term of the district court of Greer county, on a charge of assault with intent to kill, and his punishment fixed at a term of three years in the state penitentiary.   Judgment was pronounced by the trial court on the 7th day of August, 1913.   The appeal was filed in this court. February 3, 1914.   The Attorney General has filed a motion to dismiss the appeal on the ground that no notices of appeal were served on the county attorney and clerk of the district court of Greer county after the rendition of the judgment.

It appears from the record that the motion for a new trial was overruled on August 2, 1913; that service of notices of appeal was accepted under date of August 3, 1913, four days prior to the rendition of the judgment.   It is the contention of the Attorney General that the attempt to take the appeal by serving notices prior to the rendition of the judgment is unauthorized, and that the service of such notices does not confer jurisdiction on this court to determine the questions raised by the appeal upon the merits.

In *Johnson v. State, ante,* 135 Pac. 1154, we said:

"A notice of appeal must be served after the rendition of the judgment in a criminal case, and before the expiration of the time allowed by law.   If served before the rendition of the judgment, it is a nullity, and such an attempt to appeal will be dismissed for want of jurisdiction."

In *Thompson v. State,* 7 Okla. Cr. 384, 123 Pac. 853, we said:

"The record fails to show that any notice of appeal was served after the rendition of the judgment and within the time prescribed by law.   A notice of appeal served before the rendi-

tion of the judgment is a nullity, and cannot confer jurisdiction upon this court to consider such appeal."

Under the law as it existed at the time this appeal was taken, there was no method whereby appeals could be lodged in this court, except by the proper service of notices of appeal, and such notices had to be served subsequent to, and not prior to, the rendition of the judgment of the trial court.

These matters have been passed upon so frequently by this court and by its predecessors that we do not feel called upon to enter into a discussion of the same at this time. The notices of appeal take the same place in this court as the ordinary process in a trial court. We do not acquire jurisdiction to determine any question raised on the merits of an appeal, unless notices are served within the time provided by law, subsequent to the rendition of the judgment by the trial court, and not before. It follows that the motion of the Attorney General is well taken, and must be sustained. The appeal is therefore dismissed.

DOYLE, J., concurs. FURMAN, J., not participating.