# W. H. WAINWRIGHT v. STATE.

No. A-2234. Opinion Filed June 12, 1915.

1. **APPEAL—Costs—Clerk's Fees—Paupers.** An appeal may be taken by the defendant, as a matter of right from any judgment in a criminal action against him, but the manner of taking and perfecting such appeal is a proper matter for legislative control, and under the statute requiring the plaintiff in error to pay to the clerk fifteen dollars advance fees, and when said sum shall have been exhausted by proper charges, to make further deposit of a sufficient sum to cover all additional costs that may accrue, or in lieu of such payment an affidavit showing that the plaintiff in error is wholly without means and by reason of his poverty is unable to pay the costs of the appeal, such right of appeal does not contemplate an appeal at the expense of the county and state, except in the case of a pauper.

2. **APPEAL—Embezzlement—Transfer of Property—Rights as Pauper.** A defendant convicted of embezzlement of public funds, who subsequent to his conviction and after perfecting his appeal, voluntarily conveys certain real property to his intended bondsmen, is not entitled to a transcript of the testimony taken upon the trial at the expense of the county, and is not entitled to prosecute an appeal in forma pauperis, at the expense of the state.

3. **SAME—Transfered Property—Pending Appeal.** The plaintiff in error, on filing his appeal, paid to the clerk fifteen dollars advance fees. After perfecting his appeal he filed and tendered to this court for its approval a supersedeas bond. In the qualifications of two of the sureties they scheduled certain real property. The exceptions filed by the state to the sufficiency of said bond showed that said real property had been conveyed by the plaintiff in error and his wife subsequent to his conviction. One of said deeds recites a consideration of $4,400, and acknowledges the receipt thereof. This court refused to approve the bond. Thereupon the plaintiff in error filed his affidavit in forma pauperis, for the purpose of avoiding the further payment of costs. Held, that the plaintiff in error, even though he is wholly without means, will be estopped by the record from contending that the property conveyed by him to his bondsmen and scheduled by them as valuable, was, and is of no value, and having voluntarily placed himself in that situation he is estopped from claiming the benefit of the statute.

4. **SAME—Failure to Pay Costs—Dismissal.** The plaintiff in error, having failed and refused to pay the costs that have accrued on his appeal, the appeal will be dismissed.

*Appeal from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

W. H. Wainwright, convicted of the crime of embezzlement of public funds, appeals.    Appeal dismissed.

*S. M. Rutherford* and *Murphey, Noffsinger & Broome,* for plaintiff in error.

*Chas. West,* Atty. Gen., *C. J. Davenport,* Asst. Atty. Gen., *W. E. Disney,* Co. Atty., and *B. B. Blakeney,* of counsel, for the state.

DOYLE, P. J.   The plaintiff in error, W. H. Wainwright, and D. H. Middleton, were jointly indicted for the crime of embezzlement of public money.   It is alleged in substance in said indictment that W. H. Wainwright was the duly elected, qualified, and acting county treasurer of Muskogee county, and while then and there so acting in said office as such county treasurer, and so charged and entrusted with the control, disbursement, receipt, safe-keeping, and transfer of said public money, and being in possession of the same by virtue of his office, did embezzle the sum of seven thousand five hundred dollars of the public money, and that the said D. H. Middleton did procure, aid, abet, advise, assist, conceal, and command the said W. H. Wainwright to do and to commit the said embezzlement, and did otherwise feloniously participate with the said W. H. Wainwright in said embezzlement.

A severance was demanded and granted, and the plaintiff in error, Wainwright, upon his separate trial was convicted and his punishment assessed at imprisonment in the penitentiary at hard labor for a term of fourteen years, and that he pay a fine of fifteen thousand dollars.

After unsuccessful motions for new trial and in arrest of judgment, judgment was rendered on the 14th day of March, 1914, and he was duly sentenced in accordance with the verdict.   From this judgment and sentence he appealed by filing in this court on April 14, 1914, a petition in error with a transcript of the record.   Also an application for bail, praying that this court permit the plaintiff in error to give bail, conditioned for his appearance only.   Which application was denied.

See *Wainwright v. State, ante,* 141 Pac. 1120.

It was further ordered that plaintiff in error be given until September 21st to furnish good and sufficient bail bond in the sum of twenty thousand dollars, to be filed with the clerk of this court. Notice to be given the county attorney of Muskogee county and the Attorney General of the filing of the same. Said county attorney and the Attorney General to have five days from the filing of said bond to file and present exceptions to the sufficiency of the same, and that the plaintiff in error be held in the county jail of Muskogee county until the further order of this court. The defendant having filed his bond, exceptions to the sufficiency of the bond tendered for the approval of the court were filed, and the hearing was had on October 27th. After examining said bond and considering the exceptions thereto and hearing the arguments thereon, it was held that said bond tendered was insufficient and it was ordered by the court that the sheriff of Muskogee county forthwith transfer the plaintiff in error from the county jail of Muskogee county to the penitentiary at McAlester, there to remain until the determination of the appeal of the said W. H. Wainwright, or until the further order of the court.

When the petition in error was filed in this court the plaintiff in error made a deposit of fifteen dollars to pay clerk's costs. That amount having been exhausted by proper charges in said cause, on October 27, 1914, the plaintiff in error filed the following affidavit:

"Now comes W. H. Wainwright, and upon his oath states that he is the defendant in the above entitled cause; that since the institution of this prosecution against him, he has expended and exhausted all his money, and has not any, or is not able to procure the sum to make deposit for costs in this cause; that he was unable to procure money to pay for the case-made in this case, and filed his affidavit as provided by statute, and had the same paid for by the state.

"Wherefore, he asks that the further court costs in this case may be taken care of as provided for by law."

Thereafter, on November 4, 1914, the state filed a motion entitled "Motion for an order requiring plaintiff in error to pay costs of appeal, or failing therein that the appeal be dismissed."

And it was therein alleged:

"That on the hearing in this court on October 27, 1914, upon an application for the approval of a supersedeas bond, tendered herein, it appeared·that plaintiff in error is not now, and never has been since these proceedings were commenced, a pauper or person entitled to appeal in said case at the expense of the state or of the county, and the state refers to the exhibits filed at the hearing of said matter to ·support such facts."

The appeal bond filed and tendered to this court for its approval was signed by W. H. Wainwright as principal, and by Lillian M. Holloway, W. F. Parks, J. S. ·Ruhl, and C. L. Hurd as ·sureties.

In the qualification of Lillian M. Holloway she schedules certain property and swears that she is worth over and above her liabilities and legal exemptions the sum of $10,000 made up of property situated in Muskogee county as follows:

"South one half (S. ½), N. E. ¼, Sec. Twenty Eight (28), Twp. thirteen 13, N., and Range Eighteen East, N. W. ¼, N. E. ¼, S. E. ¼ and N. E. ¼, N. W. ¼, S. E. ¼, Sec. 28, Twp. 13 N. and Range 18 E. Also lots one-two-three, four, five, six, seven and eight in block 41, and lots three, four, five and six in Blk. 38, Town of Wainwright."

W! F. Parks swears he is worth the sum of $10,000 above exemptions, etc., as follows:

"Four (4) harness houses, worth $6,000.00 and notes and cash, $3,500.00; and the following lands: W. ½ of S. E. ¼, and S. E. ¼ of S. W. ¼ of Sec. 28, Twp. 12 N. and Range 15, east, and N. ½ of S. ½ of 26-12-15 containing 280 acres, more or less, and worth $7,000.00."

An examination of the exhibits shows that on July 31, 1914, W. H. Wainwright conveyed, for one dollar and other good and valuable considerations, to Lillian M. Holloway the twelve lots in the town of Wainwright scheduled in·the bond.

A further examination of the exhibits discloses that on the 10th day of October, 1914, Nina Wainwright and W. H. Wainwright conveyed, for the sum of $4,400.00, to W. F. Parks, the north half of the south half of section 26, township 12, north, range 15 east, containing 150 acres more or less, which said land is scheduled in the bond by W. F. Parks, and which,

with another 120 acre tract, is worth $7,000 according to the schedule.

From this it appears that the plaintiff in error by tendering the bond with sureties who scheduled property recently conveyed to them by Nina Wainwright and W. H. Wainwright, took the position that the title of the said sureties to said property was of some value, at least so far as the land scheduled by W. F. Parks is concerned. The deed itself recites a consideration of $4,400 and acknowledges the receipt thereof. It will be noticed that these conveyances were made on July 31, 1914, and October 10, 1914, and that the judgment of conviction was rendered on March 14, 1914.

Counsel for plaintiff in error on December 1, 1914, filed a reply to said motion, in part as follows:

"In regard to the deed shown by the exhibits, concerning the conveyance of Nina Wainwright and W. H. Wainwright on the 31st day of July, 1914, and Lillian Holloway, our investigation shows that Nina Wainwright is the wife of W. H. Wainwright, and the records show it to be the property of Nina Wainwright; that at the time of that conveyance said property could not have been sold for enough to pay the taxes. They were lots in a small town and had practically no value. In regard to the deed of Nina Wainwright and W. H. Wainwright to W. F. Parks, there was never any title to that tract of land in W. H. Wainwright, as is shown by the abstract, as is submitted here by the state.

"This statement concerning this tract is made for the purpose of showing the court that Wainwright had no real value in this property, and the state demonstrated that fact to the satisfaction of this court in their opposition to the bond.

"If any person had a contrary view in preparing bond and in the transfer of this property, the findings of this court upon the same that it was not good, would be nothing more than corroboration of Wainwright's affidavit that he had no property.

"In regard to the legal proposition of estoppel, we do not believe cases relied upon by the state in this matter are applicable to this cause. If there is any power in this court to dismiss this cause at this time it would have to be based on the grounds of fraud practiced in procuring the appeal, in which power was lodged in the court as inherent power in protecting itself in the appeal.

"However, if there was any fraud practiced, it was not in the procuring of the appeal or representation for the purpose of getting a transcript to prosecute as a poor person, but was in the application for bond and in which the court was not imposed upon because the same was refused."

Section 7, chapter 97, Session Laws 1913, provides:

"No cause shall be docketed nor process issued thereon (except where a proper affidavit as is now provided by law, or criminal causes in [which] the state of Oklahoma is appellant) until the plaintiff in error or appellant shall pay to the clerk fifteen dollars advance fees; and when said sum shall have been exhausted by proper charges in said cause, the clerk shall require the plaintiff in error or appellant to make further deposit of a sufficient sum to cover all additional costs that may accrue in said cause."

In *Claraday v. State,* 9 Okla. Cr. 552, 132 Pac. 691, it was held that:

"A poor person, one who is without means with which to pay costs, and who is unable to procure the means from friends or relatives, by filing a proper affidavit and making a satisfactory showing, is permitted to appeal without the payment of costs. The right to appeal is subject to reasonable statutory regulations. Such right does not contemplate an appeal for delay or at the expense of the people, except in the case of paupers."

In construing a similar statute, the Supreme Court of Iowa held in the case of *State v. Shaffer,* 137 Iowa, 93, that a defendant possessed of ample means, but who, just prior to the trial, voluntarily conveyed his property to his wife and children, is not entitled to a transcript at the expense of the county.

Ladd, C. J., delivering the opinion of the court, said:

"Such is the benevolence of the law that a pauper, even, cannot for want of funds be deprived of the same review of the proceedings against him in the court of last resort as is accorded his more fortunate neighbor; and this to the end that justice shall ever be administered 'equally to the rich and the poor.' But this does not mean that one who voluntarily makes of himself a pauper, and thereby purposely deprives himself of the means necessary to meet the expenses of his defense, can avail himself of this gratuity. Doing so subsequent to formal accusation is indicative of bad faith, and, when unexplained, is evidence of the fraudulent purpose of avoiding his own proper

expenses by saddling them on the county. Ordinarily good faith on the part of such an appellant is to be presumed and the statute proceeds on this theory; but it does not follow that the beneficence provided for the protection of the indigent can be made to serve as a reward for trickery and fraud in becoming such. If possessed of means ample to meet the expense of conducting his defense subsequent to the formal accusation in court, this condition is presumed to continue until the contrary appears, and is not met by proof of a purely voluntary transfer thereof under circumstances indicating bad faith with the state. The law abhors fraud, and will not bestow its bounty even for the protection of one accused of crime, unless the applicant comes into court with clean hands. He may be without present means, but, if so, the record is such as to warrant the conclusion that he voluntarily put himself in that situation for the very purpose of casting the burden of his defense on the county, and, this being so, the court rightly adjudged that such conduct estopped him from claiming the benefit of the statute, and that he ought not to be assisted at the expense of the public."

The material question here presented is whether it is now permissible for the plaintiff in error to contend that the land conveyed by him to the sureties on his bond and scheduled by them of value, was and is of no value. Such contention is entirely inconsistent with the position assumed in the presentation of the bond to this court for its approval.

In *Ex parte Hawkins,* 10 Okla. Cr. 396, 135 Pac. 991, it is held that "counsel are not permitted to take inconsistent positions in this court." The application of the rule was applied to the following facts: Hawkins had been paroled by the Lieutenant Governor as acting Governor. Attached to the order of petition for *habeas corpus* was the original parole and the revocation by the Governor. In the order of revocation there was a statement to the effect that the Governor was in the state at the very time the parole was granted by the Lieutenant Governor. It was sought by the petitioner to show that the Governor was not in the state at said time, but this court said: "As stated, these exhibits, the purported parole, and the revocation, were presented to the court by the petitioner himself. He was therefore in no position to say that the facts stated therein were not true."

As applied to the facts shown by the tender of the bond, and its exhibits, we think that the plaintiff in error, even though he has no funds now available, will be estopped by the record from contending that the real estate conveyed by him to his bondsmen was, and is, of no value; and having voluntarily placed himself in that situation he is estopped from claiming the benefit of the statute. The plaintiff in error having failed and refused to pay the costs that have accrued on his appeal, it follows that the motion to dismiss the appeal is well taken and should be sustained. The appeal herein is therefore dismissed.

FURMAN and ARMSTRONG, JJ., concur.