## W. H. WAGGONER v. STATE.

No. A-3128.    Opinion Filed September 12, 1917.

(167 Pac. 237.)

1. **APPEAL AND ERROR—Procedure.** An appeal may be taken by the defendant, as a matter of right, from a judgment of conviction, but the manner of taking and perfecting such appeal is a proper matter of legislative control.

2. **SAME—Costs.** The plaintiff in error having failed to pay to the clerk the statutory $15 advance fees, and having failed and refused to file the proper affidavit showing that he is without means, and by reason of his poverty unable to pay the costs of the appeal, a motion to dismiss will be sustained.

*Appeal from District Court, Washita County;*
*James B. Cullison, Assigned Judge.*

W. H. Waggoner was convicted of burglary, and he appeals. Appeal dismissed.

Smith, Jones & Smith, for plaintiff in error.

S. P. Freeling, Atty. Gen., and R. McMillan, Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error, W. H. Waggoner, was convicted in the district court of Washita county upon an information charging burglary of the Korn State Bank by the use of explosives, and his punishment assessed at imprisonment in the penitentiary for the term of 25 years. In pursuance of the verdict, on the 13th day of October, 1916, judgment was rendered. From this judgment and sentence an appeal was attempted to be taken by filing in this court on March 21, 1917, a petition in error with case-made.

The Attorney General moved the dismissal of the appeal for the reason that the plaintiff in error had not paid to the clerk the $15 advance fees, or had not, in lieu of such payment, filed a proper affidavit showing that he, plantiff in error, was a poor person who by reason of his poverty was unable to make the statutory deposit or pay the costs of the appeal.

Counsel for plaintiff in error in response to the motion in open court stated that the plaintiff in error had refused to sign an affidavit in proper form.

In Claraday v. State, 9 Okla. Cr. 552, 132 Pac. 691, it was held that:

"A poor person, one who is without means with which to pay costs, and who is unable to procure the means from friends or relatives, by filing a proper affidavit and making a satisfactory showing is permitted to appeal without the payment of costs;"

—and further held that:

"The right to appeal is subject to reasonable statutory regulations. Such right does not contemplate an appeal for delay or at the expense of the people, except in the case of paupers."

See, also, *Wainwright v. State,* 11 Okla. Cr. 547, 149 Pac. 914.

It follows that the motion on the part of the state to dismiss this appeal should be sustained; and it is so ordered.

ARMSTRONG and MATSON, JJ., concur.