## WEBB EASTERWOOD v. STATE.

No. A-5881. Opinion Filed Aug. 27, 1927.
Rehearing Denied Sept. 17, 1927.
(259 Pac. 181.)

R. C. Roland, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county on a charge of willfully injuring a public building, and was sentenced to serve a term of four years in the state penitentiary.

The information was filed in the district court of Carter county April 4, 1925. Defendant was arraigned on April 16, refused to plead, and the court entered his plea of not guilty. The trial was had on April 20, and the jury returned its verdict on the same day. On April 23, defendant filed his motion for a new trial, which was overruled on April 24, and on the same day he filed a motion in arrest of judgment, which was overruled and a formal judgment and sentence entered on April 24, 1925. The case-made was completed and served on July 23, 1925, was settled, signed, and filed in the district court September 10, 1925, but the appeal was not lodged in this court until October 31, 1925, more than six months from the time judgment was rendered.

Section 2808, Comp. Stat. 1921, is as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

Under this statute it has been uniformly held that, where the appeal is not filed within the time provided by law, this court does not acquire jurisdiction. This

has been so often decided that citation of authorities is unnecessary.

The attempted appeal is dismissed.

DOYLE, P. J., and DAVENPORT, J., concur.