ORVILLE STANSBURY v. STATE.

No. A-10264.    Feb. 17, 1944.

(146 P. 2d 137.)

Hughes & Hughes, of Hobart, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.  The defendant, Orville Stansbury, was convicted in the county court of Kiowa county of the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail and pay a fine of $75.

The Attorney General has filed a motion to dismiss the appeal herein for the reason that the appeal was not filed in this court until 130 days after judgment and sentence was pronounced against defendant.

The record shows that on December 26, 1941, the defendant was duly arraigned and entered his plea of guilty to said charge and was, on the same date, sentenced as hereinabove set forth.  A commitment was issued and the defendant was committed to the county jail where he remained for 14 days.  At that time a motion to withdraw the plea of guilty and enter a plea of not guilty was filed which was overruled.  The case-made was settled and signed by the trial judge on February 7, 1942, but was not filed in this court until May 4, 1942, which was 128 days from the time judgment and sentence was pronounced against defendant.

Title 22 O. S. 1941 § 1054 provides as follows:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided, How-

ever, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

This court has repeatedly held that the right of appeal is regulated by statute. The time within which an appeal must be lodged with the clerk of this court, and all the duties imposed upon the person appealing, as well as the privileges granted are such as defined by said statute, and these provisions must be substantially complied with. Otherwise, this court cannot review a record on the merits. See Pinchback v. State, 14 Okla. Cr. 302, 170 P. 714. This rule has been uniformly followed since the same was announced in a long line of earlier cases, among which are the following: Cloyd v. State, 6 Okla. Cr. 530, 119 P. 1125; Lyons v. State, 6 Okla. Cr. 581, 120 P. 665; Johnson v. State, 10 Okla. Cr. 306, 135 P. 1154; Waggoner v. State, 13 Okla. Cr. 715, 167 P. 237.

This court has also specifically held that:

"There is no provision of [the] law which vests direction in the appellate court to hear and determine appeals when they are not taken within the time provided by the statute." Howey v. State, 9 Okla. Cr. 453, 132 P. 499.

In the last case cited above, the court also expressly stated that under said statute prescribing the time of taking said appeal, said time begins to run from the date the judgment is rendered and not from the time of overruling of the motion for a new trial. To the same effect, see: Clark v. State, 18 Okla. Cr. 145, 193 P. 1008, 1009; Heath v. State, 22 Okla. Cr. 122, 210 P. 560; Criner v. State, 37 Okla. Cr. 213, 258 P. 359; Easterwood v. State, 38 Okla. Cr. 72, 259 P. 181.

There has been no response filed to the motion to dismiss. We are clearly of the opinion that the appeal was not filed within the time fixed by statute and for that reason this court is without jurisdiction to determine said cause upon its merits.

It is therefore ordered that the appeal herein be and the same is hereby dismissed.

BAREFOOT, J., concurs. DOYLE, J., not participating.