## P. A. HOOKER et al. v. STATE.

No. A-10905.    Jan. 5, 1949.

(201 P. 2d 933.)

Arthur L. Cavanagh, of Lawton, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendants, P. A. Hooker and William J. Alley, were jointly charged by information filed in the county court of Comanche county with unlawful possession of intoxicating liquor.   On February 25, 1947, the defendants were arraigned and each of them separately entered his plea of guilty to said charge and the trial court thereupon proceeded to render judgment and sentence on said date by assessing a fine of $100 and costs and 30 days each in the county jail.

The record further shows that on March 6, 1947, the defendant P. A. Hooker filed a motion for permission to withdraw his plea of guilty and substitute a plea of not guilty on the ground that, at the time of entering his plea of guilty, he was not represented by counsel and that at such time he was laboring under a great mental strain, and that he entered his plea of guilty without being properly advised as to all of his legal rights.

On March 6, 1947, the trial court, after hearing the evidence on the motion, overruled it.

Thereafter, on March 8, 1947, the defendant William J. Alley filed a motion similar to the one filed on behalf of the defendant Hooker, which motion was heard and overruled on the same date with an exception allowed to the defendant.

The petition in error with case-made attached was filed in this court on July 5, 1947.

The Attorney General has filed a motion to dismiss the appeal for the reason that the appeal was not filed in this court until more than 120 days from date of said judgment and sentence.   No response was filed to the

motion to dismiss the appeal and an examination of the record discloses that the motion is well taken and should be sustained.

In the case of Stansbury v. State, 78 Okla. Cr. 206, 146 P. 2d 137, 138, this court held that the time for taking an appeal begins to run from the date of the pronouncement of the judgment and sentence and not from the date of an order overruling a motion to withdraw a former plea of guilty and to substitute therefor a plea of not guilty.

By statute it is provided that in misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered with a proviso that the trial court may for good cause shown extend the time within which such appeal may be taken not exceeding sixty days. 22 O.S. 1941 § 1054.

In Stansbury v. State, supra, we stated:

"This court has repeatedly held that the right of appeal is regulated by statute. The time within which an appeal must be lodged with the Clerk of this court, and all the duties imposed upon the person appealing, as well as the privileges granted are such as defined by said statute, and these provisions must be substantially complied with. Otherwise, this court cannot review a record on the merits. See Pinchback v. State, 14 Okla. Cr. 302, 170 P. 714. This rule has been uniformly followed since the same was announced in a long line of earlier cases, among which are the following: Cloyd v. State, 6 Okla. Cr. 530, 119 P. 1125; Lyons v. State, 6 Okla. Cr. 581, 120 P. 665; Johnson v. State, 10 Okla. Cr. 306, 135 P. 1154; Waggoner v. State, 13 Okla. Cr. 715, 167 P. 237.

"This court has also specifically held that

"'There is no provision of (the) law which vests direction in the appellate court to hear and determine ap-

peals when they are not taken within the time provided by the statute.' Howey v. State, 9 Okla. Cr. 453, 132 P. 499.

"In the last case cited above, the court also expressly stated that under said statute prescribing the time of taking said appeal, said time begins to run from the date the judgment is rendered and not from the time of overruling of the motion for a new trial. To the same effect, see Clark v. State, 18 Okla. Cr. 145, 193 P. 1008, 1009; Heath v. State, 22 Okla. Cr. 122, 210 P. 560; Criner v. State, 37 Okla. Cr. 313, 258 P. 359; Easterwood v. State, 38 Okla. Cr. 72, 259 P. 181."

The appeal not having been filed within the time fixed by statute, this court is without jurisdiction to determine said cause upon its merits.

It is therefore ordered that the appeal herein be and the same is hereby dismissed.

BAREFOOT, P. J., and BRETT, J., concur.