**James Earl SHULER, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

No. A–12662.

Criminal Court of Appeals of Oklahoma.
March 18, 1959.

Rehearing Denied April 1, 1959.

O. B. Martin, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

James Earl Shuler, hereinafter referred to as defendant, did in Oklahoma county plead guilty to the crime of assault and battery with a dangerous weapon and filed application for a suspended sentence on January 15, 1958. On January 30, the trial judge sentenced the defendant to serve a term of four years in the state penitentiary.

The defendant filed on February 3, 1958, a motion to vacate the judgment. He filed on February 10, 1958, a motion for a new trial. This was filed upon single grounds that punishment was excessive. Both the motion for the new trial and motion to vacate were overruled on February 25, 1958. On the same date defendant gave notice of appeal "from the judgment of the court and his action on the motion to day."

The appeal was lodged in this court on August 25, 1958, or 207 days after the judgment and sentence was rendered on January 30, 1958. The answer of the Attorney General prays for dismissal of the appeal for the reason the statutory time for appeal had expired previous to the filing of the appeal; therefore, the court is without jurisdiction to consider the appeal. The statute of this state, Title 22 O.S.A. 1054, provides relative to appeals in felony cases as follows:

"In felony cases the appeal must be taken within six months after the judgment is rendered * * *."

This question has been before the court on numerous occasions and is well stated in the early case of Howey v. State, 9 Okl.Cr. 453, 132 P. 499. In body of the opinion the court said:

" * * * and it has been uniformly held that the appellate court is without jurisdiction to consider an appeal on its merits unless the same is perfected within the time provided by statute, which is six months from date of judgment and not six months from date of passing on supplemental proceedings. No court, either appellate or inferior, has any power to

change the statute. The Legislature in its wisdom did not see fit to vest discretion in the courts in the matter of extending the time for perfecting an appeal in a felony case beyond a period of six months from the date of judgment. The law is plain and unmistakeable in its terms. It does not say that the appeal must be taken within six months from the date of the overruling of the motion for new trial or supplemental motion for a new trial, but specifically provides that the appeal must be taken within six months from the day judgment is rendered."

Also, see Hooker v. State, 88 Okl.Cr. 203, 201 P.2d 933; Stansbury v. State, 78 Okl. Cr. 206, 146 P.2d 137.

It is a well established rule of law that failure to file an appeal in appellate court within time allowed by law is fatal to the appeal and the appellate court has no discretion to consider the matter unless appealed within period prescribed by statute.

The request of the state to dismiss the appeal is therefore granted and the appeal dismissed.

POWELL, P. J., and BRETT, J., concur.