**Allah-U Akbar Allah-U WAHID, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–237.**

Court of Criminal Appeals of Oklahoma.

March 24, 1986.

Jack Fisher, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Allah-U Akbar Allah-U Wahid, was convicted in Oklahoma County District Court, Case No. CRF–83–2570, of Unlawful Distribution of a Controlled Dangerous Substance, Marijuana, After Former Conviction of Two or More Felonies, and was sentenced to twenty-three (23) years imprisonment, and he appeals. We affirm.

On April 11, 1984, Jennifer Barnard, a narcotics agent for the Oklahoma State Bureau of Narcotics and Dangerous Drug Control went to appellant's residence located at 1222 Northwest 18th Street in Oklahoma City to purchase an ounce of marijuana from appellant. After Agent Barnard was allowed entry by appellant to his apartment, she observed appellant hand a small plastic bag to an unidentified female in the apartment. After examining the contents of the bag, the female paid appellant some money and left the apartment. At that point, Agent Barnard asked appellant if she could purchase an ounce of marijuana. Appellant responded affirmatively, and proceeded to retrieve two one-

half ounce bags of marijuana and sold them to the agent for seventy dollars ($70).

## I.

In his first assignment of error, the appellant contends that the trial court erred in allowing the State to introduce Agent Barnard's testimony that upon entering appellant's apartment she observed appellant selling the contents of a plastic bag to an unidentified woman. Appellant alleges that this statement is inadmissible evidence of other crimes. We disagree.

■ The law is settled in Oklahoma that where the offense charged is so connected with the other offenses sought to be proved as to form a part of the entire transaction, evidence of the latter may be given to show the character of the former. *Doser v. State*, 88 Okl.Cr. 299, 203 P.2d 451 (1949); *Miles v. State*, 554 P.2d 1200 (Okl. Cr.1976).

■ The facts of the instant case clearly show that the two acts in question, the sale of marijuana to the agent and the sale to the unidentified woman, are so proximate to one another in time and space that they form a part of the entire transaction. Therefore, the trial court was correct in admitting the agent's testimony of appellant's sale to the unidentified woman.

■ In conjunction with his first assignment of error, appellant also alleges that the State failed to give notice to appellant that evidence of other crimes were to be introduced at trial as required by *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). However, having previously found that appellant's transaction with the unidentified woman falls within the entire transaction exception to *Burks*, we find that the State had no duty to give the appellant notice that evidence of other crimes was to be introduced at trial. Therefore, this assignment of error is without merit.

## II.

■ In his second assignment of error, appellant contends that the trial court violated his First and Fourteenth Amendment rights of the United States Constitution by not instructing the jury and allowing the jury to conclude whether the actions of the appellant were in fact protected by the Constitution. Appellant contends that his actions are protected by the Constitution in that he uses marijuana in connection with his religious beliefs. However, appellant failed to introduce evidence that tends to support his theory of constitutional protection. Therefore, the trial judge was not obligated to give the jury an instruction on that issue. *See, Carter v. State*, 560 P.2d 994 (Okl.Cr.1977). Moreover, this Court has distinguished between the possession of a controlled dangerous substance for one's own honest religious belief and the sale of a controlled substance by one claiming a religious exemption. *Whitehorn v. State*, 561 P.2d 539 (Okl.Cr.1977); *Lewellyn v. State*, 592 P.2d 538 (Okl.Cr.1979). In *Lewellyn*, we held that the State of Oklahoma has a sufficient compelling interest to prohibit distribution of a controlled dangerous substance to members of the public who do not receive the substance in anticipation of using it as part of the beliefs of an established religion. Appellant failed to prove any of the necessary elements to bring his case within the purview of *Lewellyn*. Thus, this assignment of error is without merit.

## III.

In his third assignment of error, appellant contends that the trial court erred in giving Instruction No. 4 to the jury, which instructed the jury that the defense of religious freedom was not available to the appellant in this case.

■ As previously discussed in appellant's second assignment of error, we held that pursuant to *Lewellyn*, the appellant cannot assert his religious beliefs as a defense to distribution of marijuana unless the person to whom he sold the substance intended to use it as part of the beliefs of an established religion. Obviously, Agent

Barnard had no such intentions. Therefore, since the trial court's instruction was strictly a matter of law, and did not invade the province of the jury, the trial court did not err in instructing the jury not to consider the appellant's religious beliefs as a defense. *Emerson v. State*, 393 P.2d 541 (Okl.Cr.1964). This assignment of error is without merit.

## IV.

In his fourth assignment of error, appellant contends that the trial court erred in not requiring the acting governor, George Nigh, to respond to the appellant's subpoena and testify pursuant to the appellant's offer of proof regarding his character.

A careful examination of the trial record reflects the fact that appellant was given several opportunities to show the relevance and materiality of Governor Nigh's testimony as a character witness. The only relationship between the appellant and the Governor was a conversation between the two men during the time the Governor was campaigning for office.

The Constitution gives the right to each defendant to have compulsory process for witnesses in his behalf, and if a defendant in proper time and manner, seeks to secure this compulsory process, and it appears that the testimony of such witness is material, and the court deprives a defendant of his right, a new trial will be granted. *Lyons v. State*, 6 Okl.Cr. 581, 120 P. 665 (1912).

In light of appellant's failure to show that the Governor's testimony was material, we uphold the trial court's granting of the State's motion to quash the subpoena served upon Governor Nigh. Therefore, this assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.