GEORGE SMITH *v.* THE STATE.

PARDON. *Effect.* The Governor's pardon cannot release the defendant from the costs of the prosecution that accrue in favor of third persons as incident to the conviction, although it in terms purport to do so.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

———— for Smith.

ATTORNEY-GENERAL LEA for the State.

McFarland, J., delivered the opinion of the court.

Smith was indicted for carrying a pistol contrary to law. He interposed a pardon from the Governor, which recites that said Smith having been "convicted of carrying a pistol, and sentenced to pay a fine of fifty dollars and costs and undergo confinement for the term of sixty days in the county workhouse of Shelby county," and being represented as a fit subject of executive clemency, the Governor thereupon pardons said Smith "of said offense so far as relates to the term of his imprisonment yet unexpired and said fine and costs." The defendant thereupon moved (in the language of the record) "to be discharged from the judgment heretofore rendered." The motion was sustained and the defendant discharged, except that his Honor held that the Governor had no power to release the defendant from the payment of the costs, and he having deposited money with the clerk as security for his appearance, the court ordered that the costs be retained. From the judgment in this last respect the defendant has appealed.

Under our constitution and laws, the Governor can only pardon *after conviction.* Such is the express language of sec. 6, art. 3, of the Constitution, and also of the several sections of the Code upon the subject: see secs. 179, 5252, *et seq.* The record in this case does not in fact show a conviction, but as the defendant cannot otherwise rely upon a pardon, and as no objection was made upon this ground, we will treat the question as if the conviction duly appeared.

A conviction implies not simply a verdict, but also a judgment (see Bouv. Law Dict., title *Conviction*); though we believe it has not generally been held that a judgment should be actually entered before a pardon can be interposed. It seems clear enough that as to defendant's own costs, if any, the pardon of the Governor could have no effect. The liability of the defendant for services rendered him by officers of court and others is a personal debt, from which the Governor would have no power to release him. The costs accrued on behalf of the State stand upon a somewhat different ground. Yet, after conviction and judgment rendered against the defendant for costs, so far as such costs are due to officers of court or third parties, the same becomes their right—the money is due to them and not to the State. Although in form the judgment for costs is in the name of the State, yet it is in effect for the benefit of the parties entitled. Moreover, if the defendant be held released by the Governor's pardon, the parties to whom the costs are due have no other remedy. The State or county can only be made liable when the defendant is either acquitted, a *nolle prosequi* entered, or the cause retired, or upon conviction after a return of *nulla bona* as to the defendant. This being a case of conviction, if the defendant be released the parties are without remedy. So that, treating it as if a conviction and judgment for costs were properly entered, such judgment, so far as relates to costs due third persons, becomes their right, and is not a penalty due the State, and therefore, when the Governor under-

Smith *v.* The State.

takes to release the defendant from the payment of such costs, he is releasing him from a liability to third parties, and not from a penalty to the State; and, moreover, it leaves the parties to whom the costs are really due, without remedy. The fact that no judgment for costs had been actually entered, does not, we think, change the question. The defendant can only rely upon a pardon after conviction, and a conviction fixes the right. In Abbott's U. S. Digest, the case of *The State* v. *Mooney*, 74 North Carolina, is cited as holding that "a pardon does not discharge a convict from paying costs of prosecution, being fees of court officers, imposed on him as incident to the sentence." And in a note to the case of *Commonwealth* v. *Halloway*, reported in vol. 2 U. S. Am. L. Reg., p. 486, it is said that the pardoning power does not extend to cases where private justice is concerned, and that a pardon cannot "remit the portion of a penalty or costs that go to third persons." For this the author cites various authorities, to which we have not access. The present case may differ from those referred to, in the fact that the pardon in terms releases the costs, but if, as we assume, the question be one of power, this is immaterial. We hold, that so far as the costs are due to third persons, the pardon is without effect.

Affirmed.