## HOLLIS GILMORE v. STATE.

### No. A-621. Opinion Filed April 12, 1910.

#### (108 Pac. 416.)

1. **PARDON—Grant Pending Appeal—Validity.** A pardon granted and accepted after conviction and pending an appeal in the Criminal Court of Appeals is valid under Const. art. 6. sec. 10, wherein the Governor is empowered to grant, after conviction, reprieves, commutations, paroles and pardons.

2. **PARDON—"Conviction."** The term "conviction," in article 6, sec. 10. of the Constitution, denotes the final judgment of the trial court, upon a plea of or verdict of guilty.

3. **APPEAL—Pardon—Dismissal.** Where a pardon is granted and accepted, and brought to the attention of this court pending an appeal, the appeal will be dismissed.

(Syllabus by the Court.)

*Appeal from Canadian County Court; H. L. Fogg, Judge.*

Hollis Gilmore was convicted of gaming, and appeals. Dismissed.

*R. B. Forrest,* for appellant.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE. Plaintiff in error was convicted in the county court of Canadian county for the crime of conducting a public gambling house, and was sentenced to pay a fine of $500, and to serve a term of 30 days in the county jail, from which judgment he appealed to this court.

While the case was still pending in this court, the acting Governor granted an unconditional pardon to the plaintiff in error, and he has filed a certified copy of said pardon in this court, the material part of which reads as follows:

"Whereas, it appears from the court records that the said Hollis Gilmore was indicted by the grand jury on his own testimony in violation of his constitutional rights, and pardon has

been recommended by Judge John J. Carney and Hon. B. W. Riley: Now, therefore, I George W. Bellamy, acting Governor of the state of Oklahoma, by virtue of the authority vested in me by law, do hereby grant unto the said Hollis Gilmore a pardon of the said offense, to take effect immediately, restoring unto the said Hollis Gilmore all of the rights of citizenship. In witness whereof, I have hereunto set my hand and caused to be affixed the great seal of the state of Oklahoma, at Guthrie, this 1st day of April, A. D. 1910."

The question now presented in this case is: Has there been a conviction of the plaintiff in error within the meaning of the Constitution, so that executive clemency may be invoked?

Section 10, art. 6, of the Constitution, provides:

"The Governor shall have power to grant, after conviction, reprieves, commutations, paroles, and pardons for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law. He shall communicate to the Legislature at each regular session each case of reprieve, commutation, parole or pardon, granted, stating the name of the conciet, the crime of which he was convicted, the date and place of conviction and the date of commutation, pardon, parole, or reprieve."

As we view it, an appeal pending in this court does not deprive the Governor of the power to grant a pardon to the appellant. In its ordinary sense the term "conviction" is used to designate that particular stage of a criminal prosecution, when a plea of guilty is entered in open court, or a verdict of guilty is returned by a jury. But in a strict legal sense it denotes the final judgment of the court. Chief Justice Marshall defines "conviction," as "a technical term applicable to judgment in a criminal prosecution." A conviction within the meaning of the Constitution is an adjudication that the accused is guilty. It imports the final consummation of the prosecution, from the complaint to the judgment of the court by sentence. And where an appeal is taken to this court, and, pending appeal, a pardon is granted and accepted, the appellant thereby waives all his rights

upon the appeal, and when brought to the attention of this court the appeal will be dismissed.

In the case of *Com. v. Lockwood*, 109 Mass. 323, 12 Am. Rep. 699, Justice Gray concluding a very learned and elaborate discussion of the question, wherein he cites many instances where the pardoning power has been invoked after conviction, and while the cases were pending in the court of review, said:

"It was argued for the commonwealth that the defendant could not be said to be convicted at the time when this pardon was granted, because a bill of exception was then pending in this court to the rulings under which he had been found guilty, and that, after pleading the pardon, he might still prosecute his exceptions, and, if they should be sustained, have the verdict set aside. But it is within the election of the defendant whether he will avail himself of a pardon from the executive—be the pardon absolute or conditional. If he does not plead the pardon at the first opportunity, he waives all benefit of the pardon; if he does so plead it, he waives all other grounds of defense. Staunf. P. C. 150; J. Kelying, 25; 4 Bl. Comm. 402; *U. S. v. Wilson*, 7 Pet. 150 [8 L. Ed. 640]. The pleading of the pardon in the superior court would therefor be *ipso facto* a waiver of his exceptions."

In the case of *State v. Alexander*, 76 N. C. 231, 22 Am. Rep. 675, the court said:

"At common law the crown exercised the power of pardon at any time. The consequence was that crimes were smothered. The facts were not brought to light. The person charged was not brought before the public and required to answer the charge, and, of course, the public were dissatisfied. But under our Constitution and statute, the person charged must be brought before the public in a public trial and face his accusers, and all the facts must appear, and the jury must find him guilty, and the court must sentence him. If then he will ask for pardon, he cannot deceive the pardoning power. The public are in possession of the facts and can resist his application. Nor is the pardoning power any longer irresponsible to the public, because he has to report the facts and his reasons for exercising the power. It is not denied that a pardon granted under these circumstances is valid; but the objection made is that these prerequisites do not exist in this case, for although the defendant has

3 Cr.—41.

been regularly charged, tried, found guilty by the jury, and sentenced by the court, thereby bringing his case within the constitutional provisions, yet he took it out of the provision by appealing to the Supreme Court, which appeal vacated the sentence or judgment; and so there was no 'conviction' remaining, and therefore the pardon is invalid as wanting a 'conviction' to support it. And this brings us to the construction of the Constitution as to what is meant by 'conviction.' Does it mean the verdict of the jury, or the sentence of the court, or the verdict and sentence both? The word is ordinarily used to denote the verdict of the jury, guilty. How did the jury find? Guilty; or, they convicted him. What did the judge do? Sentenced him to be hanged. This is the language ordinarily used in such matters, both in conversation and in books, law and literary. It is never said that the jury sentenced him, nor that the judge convicted him. * * * Nothing can be a conviction but the verdict of the jury. Take that to be so, still inasmuch as the Constitution, in the same section in which it authorizes the Governor to pardon 'after conviction,' requires him to report to the General Assembly not only the conviction but the sentence, is it not intended that there shall be a sentence to report, else how can he report it? And if the appeal vacates the sentence, then there is no sentence to report; and so there is no sentence to support the pardon. Technically that would seem to be so; but it is a refinement merely. Suppose the defendant in his application for pardon should say: 'I was convicted of murder and sentenced to be hanged. I appealed to the Supreme Court, but I abandon the appeal and pray for a pardon.' Might not the Governor pardon him and in his report say that the applicant had been convicted of murder and sentenced to be hanged and appealed to the Supreme Court, but abandoned his appeal and prayed for pardon, and that he had pardoned him because he was satisfied that he was innocent? Would not that substantially comply with the Constitution to say that he had been convicted and that he had been sentenced? It is insisted that the object is not to pardon him while he is making defense, nor until he surrenders and begs for mercy. If that were true, still does he not surrender and beg for mercy when he abandons his appeal and prays for pardon? But it is not always true that the defendant ought to be expected to surrender and beg for mercy. There are cases where he has been improperly convicted and asks, not for mercy, but for justice."

See, also, *Com. v. Kiley,* 150 Mass. 325, 23 N. E. 55; *Smith*

*v. State,* 74 Tenn. 639; *Hackett v. Freeman,* 103 Iowa, 296, 72 N. W. 528; *Manlove v. State,* 153 Ind. 80, 53 N. E. 385; *Ex parte Garland,* 4 Wall. 333, 18 L. Ed. 366.

Applying the principles of law stated in the foregoing cases to the question involved, we are of opinion that the restriction imposed in the constitutional provision upon the exercise of the pardoning power does not apply to cases where there has been a conviction in the trial court and an appeal taken therefrom.

The language of the statute providing for appeal is (section 6951, Snyder's St.):

"If the crime of which the defendant is convicted be a bailable one, the court shall at the time of entering judgment notify the defendant of his right to an appeal," etc.

There manifestly the judgment and sentence is considered to be the conviction.

Therefore, it is considered that the appeal be, and the same is hereby, dismissed, and the cause remanded to the county court of Canadian county.

FURMAN, PRESIDING JUDGE, and RICHARDSON, JUDGE, concur.