Jerry Lee JORDAN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14306.

Court of Criminal Appeals of Oklahoma.

July 26, 1967.

L. G. Dunn, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Plaintiff in Error, Jerry Lee Jordan, was convicted in the District Court of Oklahoma County with the crime of Burglary Second Degree, and sentenced to serve two years in the penitentiary. From that judgment and sentence he has attempted to appeal to this Court.

This cause was filed in this Court on May 15, 1967, a brief was due to be filed within thirty days. None was filed; nor any extension of time requested—so on July 13, 1967, this cause was submitted summarily for examination for fundamental error in accordance with Rule 6 of this Court.

Upon examination of the record, we find that the casemade was not filed within the statutory time for taking an appeal. Judgment and sentence was entered on October 13, 1966. Title 22 Okl.St.Ann. § 1054 provides that an appeal to the Court of Criminal Appeals, in a felony case, must be lodged within six months from date of rendition of judgment of conviction. Nail v. State, Okl.Cr., 346 P.2d 735.

Six months from October 13, 1966 would have expired on April 13, 1967, more than a month prior to the time the casemade was filed in this Court.

Plaintiff in error purports to supplement the casemade with copies of orders attached to his petition in error, wherein the trial judge, on April 17, 1967 signed an order extending time in which to make and serve casemade for a period of thirty days. Even if this order had properly been made a part of this record, it would be a nullity. This Court has held repeatedly, as in the case of Beatty v. State, Okl.Cr., 387 P.2d 145:

"While the right of appeal is recognized by the Constitution, it is for the Legislature to prescribe the manner and time in which appeals may be perfected; and when such provisions are made as are reasonable and just, they become jurisdictional, and *no court has power to grant an extension of time beyond that allowed by statute within which an appeal can be taken."*

The trial court lacked authority to extend statutory time within which defendant could file casemade and perfect appeal.

In the case of Greathouse v. State, Okl.Cr., 378 P.2d 1019, this Court stated:

"[This section] providing that appeal in felony case must be taken within six

months after judgment is mandatory and Court of Criminal Appeals cannot entertain appeal not perfected within that time."

For the reasons and citations of law cited above, this attempted appeal is hereby dismissed, judgment and sentence affirmed.

BUSSEY and BRETT, JJ., concur.