**Noble BROWN, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-**
**ant in Error.**

**No. A–15143.**

Court of Criminal Appeals of Oklahoma.

March 19, 1969.

Ed Parks, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

This is an attempted appeal from the district court of Tulsa County, Oklahoma, wherein plaintiff in error was charged and convicted in that court's case number 23,087, on a charge of Possession Of A Narcotic Drug. Plaintiff in error was sentenced to serve thirty (30) months in the state penitentiary, under the custody of the State Department of Corrections, with the provision that plaintiff in error was ordered to serve six (6) months of said sentence, in the state penitentiary, with the remainder of his sentence being suspended, subject to the conditions set out in the judgment and sentence by the trial court.

The record before the Court reflects: that judgment and sentence was rendered against plaintiff in error on the 19th day of August, 1968; the court reporter certified the transcript on the 18th day of September, 1968; the record was with-

drawn from the court clerk's office on the 20th day of February, 1969; certified by the court clerk, tendered to the district attorney, certified by the trial judge and stipulated to, by the attorneys, on the 20th day of February, 1969. Thereafter, the petition in error in this case was filed with the Clerk of this Court on the 4th day of March, 1969, more than six months from the date of judgment and sentence was rendered.

 Title 22 O.S.Supp.1963, § 1054, provides that an appeal to the Court of Criminal Appeals, in felony cases, must be taken within six months after the judgment and sentence is rendered. This Court held in Jordan v. State, Okl.Cr.App., 430 P.2d 824 (1967), as follows:

> This section [22 O.S.Supp.1963] is mandatory, and Court of Criminal Appeals cannot entertain appeal which is not perfected within that time. See also: cases annotated in O.S.A.

It is therefore the order of the Court that the attempted appeal in this case shall be dismissed for lack of jurisdiction.

BUSSEY and NIX, JJ., concur.