**Jackie Lavern TURNER, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. C–75–552.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1975.

Richard A. Hoffman, Appellate Public Defender, Tulsa County, for petitioner.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BRETT, Presiding Judge:

Petitioner, Jackie Lavern Turner, hereinafter referred to as defendant, entered a plea of guilty to the charge of Unlawful Possession of a Controlled Dangerous Substance, to-wit, Heroin, in the District Court, Tulsa County, Case No. CRF–75–598, and was sentenced to serve a term of two (2) years in the State penitentiary. She has filed a petition for writ of certiorari seeking the vacation of that plea of guilty.

Defendant's petition for writ of certiorari must be dismissed for the reason that we are without jurisdiction to hear and determine this case.

The defendant entered her plea of guilty on May 15, 1975. The trial judge, upon that plea, found her guilty of the crime charged and set sentencing for June 5, 1975. On that date judgment was pronounced, the defendant being sentenced to serve a term of two (2) years' imprisonment. After sentencing her, the trial

judge told the defendant that she had ninety (90) days from that date to perfect an appeal from the judgment to the Court of Criminal Appeals, and ten (10) days from that date to make an application to the trial judge to withdraw her plea of guilty. She stated that she did wish to appeal the judgment, and the trial judge thereupon appointed the Public Defender's Office to perfect that appeal. On June 11, 1975, a written notice of intent to appeal was filed in the case and on the same day a motion to withdraw the plea of guilty was filed. That motion was denied by a written order of the court dated June 13, 1975. The petition for writ of certiorari, with the original record attached, was filed in this Court on September 22, 1975.

We have elected to dispose of this matter by opinion rather than by order because it raises spectres of issues we had thought long laid to rest.

The order of the trial court which overrules the motion to withdraw plea of guilty also directs the preparation of records for appeal at public expense, appoints the public defender to perfect that appeal, and purports to give the defendant six months from that date, June 13, to perfect an appeal from the judgment to the Court of Criminal Appeals. It is this last provision which concerns us here.

■ The defendant has a right to appeal to this Court from any judgment against her. The time and manner of taking such appeal, however, is regulated by statute. Such statutes limit the power of this Court to hear and determine the appeal as well as the right of the defendant to perfect it. *Leigh v. Johnson*, Okl.Cr., 440 P.2d 375. The time provided by statute is absolute, provided it is reasonable and just, and neither this Court nor the trial court has the authority to extend it. *Jordan v. State*, Okl.Cr., 430 P.2d 824; *Beatty v. State*, Okl.Cr., 387 P.2d 145.

■ The statute which regulates appeals from a plea of guilty is 22 O.S.1971, § 1051, which provides that such appeals

must be taken to this Court by writ of certiorari in the manner provided in the Rules of this Court and that such a petition must be filed within ninety (90) days from the date of conviction. The term "conviction" as used in Section 1051 means the time judgment and sentence was pronounced. See, *Samples v. State*, Okl.Cr., 337 P.2d 756, 766. The time for taking an appeal in this case did not begin to run on the date of the order overruling the motion to withdraw a former plea of guilty. See, *Hooker v. State*, 88 Okl.Cr. 203, 201 P.2d 933; *Stansbury v. State*, 78 Okl.Cr. 206, 146 P.2d 137, 138. The appeal time must be computed from the date of the pronouncement of judgment and sentence on June 5. Counting the day following judgment and sentence as the first day of that appeal period, the ninetieth and final day for filing the petition for writ of certiorari in this case was September 3, 1975. The order of the trial judge purporting to give this defendant six months from June 13, 1975, to perfect her appeal to this Court was without effect.

Petition for writ of certiorari *dismissed*.

BUSSEY and BLISS, JJ., concur.