RE: REQUEST FOR INFORMAL OPINION ON WHETHER IT IS APPROPRIATE IN COMMISSION RULE 309 TO DEFINE "CONVICTED" AND "CONVICTION" TO INCLUDE NY DEFERRED SENTENCE OR JUDGMENT.
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN INFORMAL OPINION ADDRESSING THE QUESTION:
 MAY THE OKLAHOMA HORSE RACING COMMISSION, IN COMMISSION RULE 309, DEFINE THE TERMS "CONVICTED" AND "CONVICTION," TO INCLUDE DEFERRED SENTENCES OR JUDGMENTS?
AS YOU KNOW, COMMISSION RULE 309 WAS ENACTED TO IMPLEMENT 3A O.S. 204.2 (1991). THAT STATUTE REQUIRES THAT APPLICATIONS FOR OCCUPATION LICENSES CONTAIN VARIOUS INFORMATION ABOUT THE APPLICANT, INCLUDING "WHETHER THE APPLICANT HAS BEEN CONVICTED OF A FELONY IN THIS STATE OR ANY OTHER STATE." SUBSECTION C OF 3A O.S. 204.2(C) (1991) PROVIDES THAT THE COMMISSION MAY REFUSE AN OCCUPATION LICENSE TO ANY PERSON WHO, AMONG OTHER THINGS, "HAS BEEN CONVICTED OF A FELONY;" OR "WHO HAS BEEN CONVICTED OF VIOLATING ANY LAW REGARDING GAMBLING OR CONTROLLED DANGEROUS SUBSTANCES OF THE UNITED STATES, THIS STATE, OR ANY OTHER STATE." (EMPHASIS ADDED.)
IN ENACTING THESE STATUTORY PROVISIONS DEALING WITH FELONY AND OTHER CONVICTIONS, THE LEGISLATURE DID NOT DEFINE THE TERM "CONVICTION." THE QUESTION YOU POSE IS WHETHER, IN DRAFTING COMMISSION RULES TO IMPLEMENT THIS STATUTE, THE COMMISSION MAY LAWFULLY DEFINE THE TERM "CONVICTION," OR CONVICTED," TO INCLUDE DEFERRED JUDGMENTS OR SENTENCES.
IN ADDRESSING THIS ISSUE, IT IS IMPORTANT TO FIRST UNDERSTAND WHAT A DEFERRED SENTENCE OR JUDGMENT IS. OKLAHOMA'S DEFERRED JUDGMENT PROCEDURE IS SET OUT IN 22 O.S. 991C (1991), WHICH IN PERTINENT PART PROVIDES:
 "UPON A VERDICT OR PLEA OF GUILTY OR UPON A PLEA OF NOLO CONTENDERE, BUT BEFORE A JUDGMENT OF QUILT, THE COURT MAY, WITHOUT ENTERING A JUDGMENT OF QUILT AND WITH THE CONSENT OF THE DEFENDANT, DEFER FURTHER PROCEEDINGS AND PLACE THE DEFENDANT ON PROBATION UNDER THE SUPERVISION OF THE STATE DEPARTMENT OF CORRECTIONS UPON THE CONDITIONS OF PROBATION PRESCRIBED BY THE COURT. THE COURT SHALL FIRST CONSIDER RESTITUTION, ADMINISTERED IN ACCORDANCE WITH THE PROVISIONS PERTAINING THERETO, AMONG THE VARIOUS CONDITIONS OF PROBATION IT MAY PRESCRIBE. THE COURT MAY ALSO CONSIDER ORDERING THE DEFENDANT TO ENGAGE IN A TERM OF COMMUNITY SERVICE WITHOUT COMPENSATION, ACCORDING TO A SCHEDULE CONSISTENT WITH THE EMPLOYMENT AND FAMILY RESPONSIBILITIES OF THE DEFENDANT. FURTHER, THE COURT MAY ORDER THE DEFENDANT CONFINED TO THE COUNTY JAIL FOR A PERIOD NOT TO EXCEED NINETY (90) DAYS TO BE SERVED IN CONJUNCTION WITH PROBATION. FURTHER, THE COURT MAY ORDER THE DEFENDANT TO PAY A SUM INTO THE COURT FUND NOT TO EXCEED THE AMOUNT OF FINE AUTHORIZED FOR THE OFFENSE ALLEGED AGAINST THE DEFENDANT OR AUTHORIZED UNDER 21 O.S. 9 OF TITLE 21 OF THE OKLAHOMA STATUTES AND AN AMOUNT FOR REASONABLE ATTORNEY FEE, TO BE PAID INTO THE COURT FUND, IF A COURT-APPOINTED ATTORNEY HAS BEEN PROVIDED TO DEFENDANT.
 . . UPON COMPLETION OF THE PROBATION TERM, WHICH PROBATION TERM UNDER THIS PROCEDURE SHALL NOT EXCEED FIVE (5) YEARS, THE DEFENDANT SHALL BE DISCHARGED WITHOUT A COURT JUDGMENT OF QUILT AND THE VERDICT OR PLEA OF QUILT OR PLEA OF NOLO CONTENDERE SHALL BE EXPUNGED FROM THE RECORD AND SAID CHARGE SHALL BE DISMISSED WITH PREJUDICE TO ANY FURTHER ACTION. . . . (EMPHASIS ADDED)."
UNDER THIS STATUTE, UNLESS THE DEFENDANT VIOLATES THE TERMS OF PROBATION: 1) THE DEFENDANT IS DISCHARGED WITHOUT A COURT JUDGMENT OF GUILT; 2) THE VERDICT OR PLEA OF GUILTY OR NOLO CONTENDERE IS EXPUNGED FROM THE RECORD; AND 3) THE CHARGES ARE DISMISSED WITH PREJUDICE TO FURTHER ACTION. IN LIGHT OF THIS STATUTE, AND PORTIONS OF OKLAHOMA'S EVIDENCE CODE, THE OKLAHOMA COURT OF CRIMINAL APPEALS HAS HELD THAT A "DEFERRED SENTENCE" IS NOT A CONVICTION FOR THE PURPOSE OF IMPEACHING A WITNESS. WHITE V. STATE, 702 P.2D 1058, 1062 (OKL.CR.1985), AND BELLE V. STATE, 516 P.2D 551, 552 (OKL.CR.1973).
ALSO OF NOTE, IN ADDRESSING YOUR QUESTION, IS THE FACT THAT THE LEGISLATURE, IN USING "CONVICTED" OR "CONVICTION, N IN SPECIFIC STATUTES, HAS, FOR SPECIFIC PURPOSES, DEFINED THOSE TERMS TO INCLUDE DEFERRED OR SUSPENDED SENTENCES, OR TO INCLUDE FINDINGS OF GUILT, IRRESPECTIVE OF THE PRONOUNCEMENT OF JUDGMENT OR THE SUSPENSION THEREOF. SEE 20 O.S. 1313.2 (1991), WHICH DEFINES "CONVICTION", FOR THE PURPOSES OF ASSESSING PENALTIES IN ADDITION TO FINES, AND 37 O.S. 506, WHICH DEFINES "CONVICTION" FOR THE PURPOSE OF THE OKLAHOMA ALCOHOLIC BEVERAGE CONTROL ACT. BECAUSE THE LEGISLATURE, IN ENACTING THE VARIOUS PROVISIONS OF THE OKLAHOMA HORSE RACING ACT, 3A O.S. 201 ET SEQ., AS IT HAD IN ENACTING THE ALCOHOLIC BEVERAGE CONTROL ACT, DID NOT SPECIFICALLY DEFINE CONVICTED" OR "CONVICTION" TO INCLUDE A DEFERRED SENTENCE, I CONCLUDE THAT THE LEGISLATURE INTENDED FOR THE COMMON LAW DEFINITIONS TO APPLY.
THE GENERAL TENURE OF OKLAHOMA COMMON LAW IS THAT A DEFERRED SENTENCE IS NOT A CONVICTION. SEE, GILMORE V. STATE,108 P. 416, 417 (OKL.CR.1910), AND SAMPLES V. STATE, 337 P.2D 756, 766 (OKL.CR.1959). BASED ON THE COMMON LAW, I CONCLUDE IT IS THE INTENT OF THE LEGISLATURE THAT "CONVICTED" AS USED IN THE OKLAHOMA HORSE RACING ACT, IS NOT MEANT TO INCLUDE A DEFERRED SENTENCE. ACCORDINGLY, IN ENACTING RULES TO IMPLEMENT THE PROVISIONS OF THE OKLAHOMA HORSE RACING ACT, THE COMMISSION CANNOT EXPAND ON THE STATUTORY INTENT.
IF THE COMMISSION DEEMS IT DESIRABLE THAT DEFERRED SENTENCES, IN APPROPRIATE CIRCUMSTANCES, BE USED AS A BASIS FOR LICENSE DENIALS, I RECOMMEND THAT IT REQUEST THAT THE LEGISLATURE DEFINE CONVICTION, AS IT IS USED IN THE ACT, TO INCLUDE DEFERRED SENTENCES.
FOR THE REASONS STATED ABOVE, THE UNDERSIGNED COUNSEL CONCLUDES THAT IT WOULD NOT BE APPROPRIATE FOR THE COMMISSION, IN COMMISSION RULE 309, TO DEFINE "CONVICTED" OR "CONVICTION" TO INCLUDE A DEFERRED SENTENCE.
(NEAL LEADER)