**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN STEPHEN ROUTT,

     Petitioner - Appellant,

v.

REGINALD HINES,

     Respondent - Appellee.

No. 02-5052
(D.C. No. 99-CV-114-K)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO**, and **HARTZ**, Circuit Judges.

Petitioner-Appellant John Stephen Routt, proceeding pro se, applies for a

certificate of appealability and appeals the district court's denial of his petition

for a writ of habeas corpus, which he made pursuant to 28 U.S.C. § 2254.  In his

habeas petition, Routt made three claims: (1) that he was denied the right to a

swift and effective remedy in which to challenge the constitutionality of his

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore ordered submitted without oral argument.  This
order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

conviction because the state trial court failed to respond to his motions seeking appointed counsel; (2) that he was denied the right to effective assistance of counsel during trial and sentencing; and (3) that he was denied the right to effective assistance of counsel on appeal.

On October 18, 1994, Routt was convicted in Tulsa County District Court upon a plea of *nolo contendere* to the charge of possession of a controlled substance after a former conviction. Ten days later, on October 28, 1994, Routt's attorney timely filed a motion to withdraw the plea. In the motion, Routt's attorney argued that Routt's plea was not voluntarily made, that there was not a sufficient factual basis to support a finding of guilt, and that Routt had conducted research and had identified potential legal defenses he wished to raise. (Doc. No. 45.) Inexplicably, on November 8, 1994, Routt also filed a pro se motion to withdraw his guilty plea and in it alleged that his counsel was ineffective for failing to file a motion to withdraw his plea within the ten-day time limit imposed by state statute. Routt also filed two motions, one on November 8, 1994, and the other on December 23, 1994, requesting the appointment of counsel. (Id.)

The state court held a hearing to consider the motion to withdraw the plea on October 6, 1995. Routt appeared with counsel. The court denied Routt's motion and then made a considerable effort to ensure that Routt understood his right to appeal. The trial court took two recesses during the hearing to permit

- 2 -

Routt's counsel to explain his right to appeal and the steps necessary to perfect and file an appeal. (Doc. No. 45, Tr. of Hr'g on Mot. to Withdraw Plea at 3, 7.) Then, the trial court conducted a colloquy with Routt to ensure he understood his rights. (Id. at 7–9.)

Following the denial of his motion to withdraw his plea, Routt failed to file a notice of appeal within the ten days required under Oklahoma law. See Rule 4.2(D), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app. As a result, his subsequent appeal to the Oklahoma Court of Criminal Appeals (OCCA) was dismissed. (Doc. No. 45, Order Dismissing Application for Cert. and/or Appeal Out of Time, Apr. 4, 1996.)

We pause to acknowledge that Routt now argues that he should be excused from failing to file his notice of appeal in time because the trial court incorrectly told Routt during the hearing that he had ninety days in which to make the filing. (Aplt. B. at 10–11.) We reject this claim for three reasons. First, Routt overstates the matter when he says "[t]he record clearly shows that the petitioner [w]as advised he had ninety days" to file his notice of appeal. (Id. at 11.) In fact, the trial court's statement was not so direct but was, at best, ambiguous.[1] The

---

[1] Routt identifies the following exchange as the source of his belief that he had ninety days in which to file a notice of appeal:
      THE COURT: Did [your lawyer] talk to you about what you must do, that you must file a written application?

(continued...)

reference to ninety days in the transcript most likely refers to the appellant's obligation to file a petition for writ of certiorari to the OCCA within ninety days. However, the transcript appears correctly to recite that Routt knew he had just ten days to file a notice of intent to appeal.

Second, any misrepresentation by the trial court was corrected by the court's reference to a written form, the Plea of Guilty–Summary of Facts form, that clearly stated the procedure Routt must follow to proceed with an appeal, including the requirement that a notice of intent to appeal be filed within ten days after the denial of the application to withdraw his plea. See Rule 13.0, Form 13.10, "Uniform Plea of Guilty–Summary of Facts," Rules of the OCCA, tit. 22, ch. 18, app. The trial court supplied Routt with the form and directed Routt's and

---

[1](...continued)

> THE DEFENDANT: He told me I had to file notice of intent to appeal 10 days from this date, and 90 days from that date I need to file–
>
> THE COURT: Ninety days from the date now, you're already past the ten days, your motion to withdraw your plea of guilty is when we ruled on the 10 days.
>
> He was found guilty and sentenced, he had 10 days to file and withdraw his finding of guilt, or plea of no contest, I just overruled that because it was done before. From here forward he has some appeal rights he needs to be familiar with, you go back over there again, make sure he understands.

(Doc. No. 45, Tr. of Hr'g on Mot. to Withdraw Plea at 7.) Routt was accompanied by his lawyer during the colloquy.

his counsel's attention to the section explaining a defendant's right to appeal.[2] (Doc. No. 45, Tr. of Hr'g on Mot. to Withdraw Plea at 3, 6, 8). Routt told the court that he not only read the form, but that he specifically read the portions indicating the deadlines for an appeal. (Id. at 8.)

Third, even if Routt had been misinformed by the trial court, his appeal would still have been dismissed as time-barred. The applicable Oklahoma rule establishing the time limit for filing a notice of appeal states, "[t]he filing of the Notice of Intent to Appeal and Designation of Record in the district court is jurisdictional and failure to timely file constitutes waiver of the right to appeal." Rule 4.2(D), Rules of the OCCA, tit. 22, ch.19, app. The Oklahoma Court of Criminal Appeals has repeatedly held that the statutory rules setting time limits for filing an appeal are absolute and neither the OCCA nor the trial courts have the authority to extend them. See Weatherford v. State, 13 P.3d 987, 989 n.1

---

[2]Under Oklahoma law, the Plea of Guilty–Summary of Facts form "shall be utilized by trial courts and parties in the prosecution and appeal of criminal cases in the State of Oklahoma." Rule 13.0, Rules of the OCCA, tit. 22, ch. 18, app. Under the heading "NOTICE OF RIGHT TO APPEAL," the form states:

> If the trial court denies your Application [to withdraw your plea], you have the right to ask the Court of Criminal Appeals to review the District Court's denial by filing a Petition for Writ of Certiorari within ninety (90) days from the date of the denial. Within ten (10) days from the date the application to withdraw plea of guilty is denied, notice of intent to appeal and designation of record must be filed pursuant to Oklahoma Court of Criminal Appeals Rule 4.2(D). If you are indigent, you have the right to be represented on appeal by a court appointed attorney.

(Okla. Crim. App. 2000) (stating, in reference to appellate time periods set by statute, that "[i]t is beyond this Court's power to change—either by court rule or otherwise—the minimum statutory prerequisites for bringing an appeal"); Turner v. State, 541 P.2d 1355, 1356 (Okla. Crim. App. 1975) ("The time and manner of taking [an] appeal . . . is regulated by statute. . . . The time provided by the statute is absolute, provided it is reasonable and just, and neither this Court nor the trial court has the authority to extend it."); Jordan v. State, 430 P.2d 824, 825 (Okla. Crim. App. 1967) (calling a trial court's order extending time to file an appeal beyond that specified by statute a "nullity" and dismissing the appeal as untimely filed). Therefore, the trial judge in the instant case could not have extended Routt's time to file his notice of intent to appeal even if the court had clearly told him he had ninety days in which to file the notice.

In addition to his failed attempt at direct appeal, Routt made three applications for post-conviction relief to the state trial court. Only the third is relevant here. In that application, which was denied by the trial court, Routt asserted his claim that he was denied effective assistance of counsel at trial and sentencing. The OCCA affirmed the trial court's denial of Routt's third application, holding that the issue of effective assistance of counsel was procedurally barred. (Doc. No. 57, Ex. B.) The OCCA stated that "[t]he substantive issues he raises either were raised or could have been asserted before

he entered his plea, in a motion to withdraw his plea and direct appeal proceedings, or in his previous applications for post-conviction relief. Such issues may not be the basis of this post-conviction proceeding." (Id., citing Okla. Stat. tit. 22, § 1086, and Webb v. State, 835 P.2d 115 (Okla. Crim. App. 1992).)

Finally, Routt filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Oklahoma on February 10, 1999. (Doc. No. 1.) The court referred the case to a magistrate judge, who filed a Report and Recommendation on February 15, 2002, in which the magistrate judge recommended that Routt's petition be denied. (Doc. No. 61.) Routt timely filed his objections to the magistrate judge's Report on February 27, 2002. (Doc. No. 62.) On April 1, 2002, the district court entered an order in which it reviewed de novo those portions of the Report to which Routt objected, adopted and affirmed the Report of the magistrate judge, and denied Routt's petition for a writ of habeas corpus. (Doc. No. 64.)

For substantially the reasons given by the district court, we DENY a certificate of appealability and DISMISS the appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

- 7 -