2010 OK CR 11

**Michael Leon WILLIAMS, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. C–2009–169.

Court of Criminal Appeals of Oklahoma.

June 11, 2010.

Todd Burlie, Ponca City, OK, in district court.

Mark Hoover, Norman, OK, for petitioner in District Court and on appeal.

Mark Gibson, District Attorney, Tara Portillo, Assistant District Attorney, Newkirk, OK, for the State in District Court.

W.A. Drew Edmondson, Attorney General of Oklahoma, Donald Self, Assistant Attorney General, Oklahoma City, OK, for the State on appeal.

### SUMMARY OPINION DISMISSING APPEAL

LUMPKIN, Judge.

¶ 1 On October 10, 1978, Petitioner Michael Leon Williams filled out a "Petition to Enter a Plea of Guilty" intending to plead guilty to the crime of Injuring a Minor Child (21 O.S.Supp.1977, § 843) in the District Court of Kay County, Case No. CRF–1978–124. According to that document, the State had offered Petitioner a five year sentence for the crime, which had a ten year maximum sentence. The Honorable Leslie D. Page, Special Judge, accepted the plea and found Petitioner guilty as charged. Sentencing was set for January 9, 1979, upon completion of a pre-sentence investigation report. Petitioner did not appear for sentencing as scheduled. He apparently left the state and was not located by local authorities until December, 2008, some thirty (30) years later.

¶ 2 Petitioner was transferred from a county jail in Illinois to Oklahoma and a new sentencing hearing was set for January 15, 2009. The State withdrew its original offer of a five year sentence. Petitioner filed a Motion to Withdraw Plea claiming in part that the State had withdrawn its five year offer, that the guilty plea form was incomplete and that the plea was not knowingly and voluntarily entered. At the conclusion of the motion hearing, the trial court found the plea was properly entered and denied the motion to withdraw. It is that denial which is the subject of this appeal.

¶ 3 Upon review of the appeal documents, this Court ordered a response from the Attorney General due to "several issues which appear to have merit." In its response brief, the State argued that Petitioner had abandoned or forfeited his right to the five year sentence when he left the State before he could be sentenced and that he should not be rewarded thirty years later with the same recommendation. Finding the State raised a viable issue of abandonment and to aid in our determination whether dismissal of Petitioner's appeal is an appropriate appellate court sanction, we remanded the case to the District Court for an evidentiary hearing. The District Court was ordered to make findings of fact and conclusions of law regarding whether the State would be prejudiced in locating witnesses and presenting evidence at a trial if the appeal is successful, or if the prolonged absence and misconduct at the district court level might somehow make meaningful appeal impossible or otherwise disrupt the appellate process so that an appellate sanction might reasonably be imposed.

¶ 4 In its timely filed Findings of Fact and Conclusions of Law, the District Court found, based upon the stipulation of the parties, that the State would be prejudiced to proceed to trial in the matter and "that from the standpoint of contract law, the defendant abandoned the plea agreement with the State by absconding from the jurisdiction for three decades." The District Court also found that by absconding from the jurisdiction the defendant waived his right to the benefit of the original plea agreement. The parties in this case were given twenty (20) days from the filing of the transcript and order of the District Court to file supplemental briefs on the issue of whether the record supports the appellate sanction of dismissal of the appeal. Having received supplemental briefs from both Petitioner and the State, we now decide this appeal.

¶ 5 "It has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." Ortega–Rodriguez v. United States, 507 U.S. 234, 239, 113 S.Ct. 1199, 1203, 122 L.Ed.2d 581 (1993). See also Prock v. State, 1977 OK CR 280, ¶ 2, 569 P.2d 473, 474 ("the act of escape 'disentitles the defendant to call upon the resources of the Court for determination of his claims' "). However, in this case Petitioner fled the jurisdiction of the District Court but was recaptured prior to sentencing and the invocation of this Court's appellate jurisdiction. Whether this is sufficient cause for dismissal of an appeal has not been previously addressed by this Court.

¶ 6 The United States Supreme Court addressed just such an issue in Ortega–Rodriguez. There, the Supreme Court noted that "while dismissal of an appeal pending while the defendant is a fugitive may serve substantial interests, the same interests do not support a rule of dismissal for all appeals filed by former fugitives, returned to custody before invocation of the appellate system." 507 U.S. at 249, 113 S.Ct. at 1208. In determining when dismissal was appropriate, the Supreme Court noted that a "long escape, even if ended before sentencing and appeal, may so delay the onset of appellate proceedings that the Government would be prejudiced in locating witnesses and presenting evidence at retrial after a successful appeal." Id. The Supreme Court further stated "a defendant's misconduct at the district court level might somehow make 'meaningful appeal impossible,' or otherwise disrupt the appellate process so that an appellate sanction is reasonably imposed." Id., 507 U.S. at 250, 113 S.Ct. at 1208–1209.

¶ 7 In the present case, the parties stipulated before the District Court that if

the appeal was successful and the case sent back for trial, the State would be prejudiced. The record of the evidentiary hearing shows that of approximately four witnesses located, only two had any independent recollection of the events surrounding the commission of the offense. Petitioner's flight delayed the filing of his appeal by approximately thirty years. That duration of time presents a "significant interference with the operation of [the] appellate process" and under the record before us, makes a "meaningful appeal impossible." *Id.,* 507 U.S. at 250, 113 S.Ct. at 1209.

¶ 8 Based upon the foregoing, we find that in light of Petitioner's thirty year fugitive status, prior to the invocation of this Court's appellate jurisdiction, dismissal of his appeal is appropriate.

### DECISION

¶ 9 Accordingly, this appeal is **DISMISSED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2010), the **MANDATE is ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, P.J. and A. JOHNSON, V.P.J.: concur.

LEWIS, J.: concur in part/dissent in part.

LEWIS, J., concurring in part and dissenting in part.

¶ 1 I find much in the majority opinion with which I agree in principle. We differ in the application of those principles to the problem before us. Petitioner absconded after his guilty plea and thus, it is more than fair to conclude that he waived the right to interpose any challenge to the conviction of a felony based on that plea.[1] However, in a negotiated plea, the sentence ultimately imposed can affect the *voluntariness* of the plea which supports the conviction. Where the district court decides to impose a sentence other than the agreed sentence for which the Petitioner has exchanged his right to trial by jury, the plea induced is to that extent not knowing and voluntary, and the district court should grant a defendant's motion to withdraw the plea. *Morgan v. State,* 33 Okl.Cr. 277, 281–82, 243 P. 993, 994–95 (1926) (finding district court should grant motion to withdraw a guilty plea induced by assurances from the court that defendant would receive a particular sentence, which the district court later refused to impose). Where a district court abuses its discretion in the matter, this Court will ordinarily grant the writ of *certiorari,* vacate the conviction obtained as a result of the guilty plea, and remand the case for further proceedings.

¶ 2 The record shows that the district court sentenced Petitioner to a term of imprisonment twice the agreed sentence that induced his plea, which would typically require this Court to issue the writ. However, the Court correctly finds that vacating the conviction here would miscarry justice, because Petitioner's thirty year flight has prejudiced the State's ability to try him. Although Petitioner's plea was clearly induced by the promise of a five year sentence that he ultimately did not receive, the Court concludes Petitioner's misconduct has forfeited his right to appeal.

¶ 3 I would not go so far. It is not a mere guilty plea or a district court's acceptance of that plea, but a "conviction" in the district court which triggers a petitioner's right to appeal. *Burnham v. State,* 2002 OK CR 6, ¶ 6, 43 P.3d 387, 389. A conviction upon a plea of guilty occurs when the final judgment and sentence is pronounced in district court. *Turner v. State,* 1975 OK CR 207, ¶ 7, 541 P.2d 1355, 1356.[2] Petitioner's "conviction"

---

1. Blackstone tells us that one who absconded after conviction for a felony, but before the judgment, could "be prosecuted even to outlawry," which anciently meant the felon was said to have caput lupinum, or the "wolf's head," and consequently "might be knocked on the head like a wolf, by anyone that should meet him." 4 William Blackstone, *Commentaries on the Laws of England* 315, 368 (1st ed. 1769). This harsh consequence of absconding had been discarded long before Blackstone's time, for when he wrote even the outlawed felon was "still under the protection of the law," and a judgment of outlawry for felony was "frequently reversed by writ of error ... upon which reversal the party accused is admitted to plead to, and defend himself against, the indictment." *Id.* at 315.

2. In *Gilmore v. State,* 3 Okl.Cr. 639, 640, 108 P. 416, 417 (1910), Judge Doyle, speaking for the Court, said:

occurred when he was brought before the district court in January, 2009, and finally sentenced upon his guilty plea. He timely sought to withdraw his plea, and sought appellate review by timely filing a petition for the writ of certiorari. Petitioner thus invoked the Court's appellate jurisdiction, including our jurisdiction to "reverse, affirm or modify the judgment or sentence appealed from, and . . . if necessary or proper, order a new trial or resentencing." 22 O.S.2001, § 1066.

¶ 4 I agree that Petitioner has forfeited the challenge to his guilty plea and the district court's earlier finding of guilt, or more specifically, has forfeited *the usual remedy* for an otherwise meritorious challenge to his plea, because his misconduct has prejudiced

the State's ability to try him. However, because Petitioner's plea was plainly induced by the earlier agreement with the State for a five year sentence of imprisonment, and his plea cannot now be withdrawn without unfair prejudice to the State, I would affirm Petitioner's conviction and modify the sentence to five years imprisonment. I therefore respectfully dissent from the sanction of outright dismissal of Petitioner's appeal.

In its ordinary sense the term 'conviction' is used to designate that particular stage of a criminal prosecution, when a plea of guilty is entered in open court, or a verdict of guilty is returned by a jury. But in a strict legal sense it denotes the final judgment of the court. Chief Justice Marshall defines 'conviction', as 'a technical term applicable to judgment in a criminal prosecution.' A conviction within the meaning of the Constitution is an adjudication that the accused is guilty. It imports the *final consummation of the prosecution*, from the complaint to the *judgment of the court by sentence*. (emphasis added).